IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02186-CYC

PEDRO MANUEL YUFFRA GIRON,

       Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Detention Facility, in his official capacity;
GEORGE VALDEZ, Acting Director of Denver Field Office, U.S. Immigration and Customs
Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; in his official
capacity; and
TODD BLANCHE, Acting Attorney General of the United States, in his official capacity,

       Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Pedro Manuel Yuffra Giron, a detainee at the immigration detention facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8

U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Among other things, the petitioner seeks release or, in the alternative, a bond hearing before a neutral decision-making at which the United States bears the burden of proof. ECF No. 1 at 14; ECF No. 10 at 2–3.

The petitioner, a citizen of Peru, has lived in the United States since he entered the country on May 26, 2022. ECF No. 1 ¶ 1. At that time, he was taken into custody by the U.S. Customs and Border Patrol ("CBP") and released two days later on his own recognizance under the CBP's discretionary § 1226(a) authority. *Id.*; ECF No. 1-2 at 7–9. Since his release, petitioner has "complied with all of the requirements of his release," including monthly reporting with his U.S. Immigration and Custom Enforcement ("ICE") officer and sending weekly photos. ECF No. 1 ¶ 1. The petitioner also submitted an asylum application, which remains pending. *Id.* Respondents do not dispute that petitioner has fully complied with the terms of his release.

Nevertheless, on May 14, 2026, ICE officers took the petitioner into custody when he reported for a regular check-in at their offices. *Id.* ¶ 2. After he was taken into custody, he was transported to the immigration detention facility in Aurora, Colorado and has been detained there since. *Id.* ¶¶ 2, 14. The petitioner argues that he is entitled to release or a bond hearing under 8 U.S.C. § 1226. *Id.* ¶ 29. Respondents do not offer any evidence that petitioner has criminal history that requires mandatory detention under 8 U.S.C. § 1226(c), nor that since his release on

recognizance, there has been a change in circumstances warranting the revocation of his release and placement in detention. Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 9 at 2–4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 at ¶¶ 9–40. The Court has previously resolved this legal question in favor of similarly situated petitioners. *See, e.g., Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with" the Court's prior rulings. ECF No. 9 at 5–6. The Court remains firmly convinced that it and other judges in the District who have issued decisions that are in agreement with this Court's prior rulings have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*,

3

166 F.4th 494, 502–08 (5th Cir. 2026), makes a difference, *see* ECF No. 9 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to continue to adhere to the weight of authority in this District. *See Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1250–54 (D. Colo. Feb. 9, 2026). The respondents also reference the Eighth Circuit's recent decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and decisions of "a court in this district, and some other district courts . . . [that] have agreed with [their] interpretation of the statute." ECF No. 9 at 2. But they present no argument why these non-binding decisions require the Court to reverse itself on this legal question. What is more, the respondents ignore decisions recently issued by the Second, Sixth, and Eleventh Circuits that support this Court's prior analyses and conclusions on the question before the Court in this case: namely, whether the petitioner is detained under § 1225(b) or § 1226(a). *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). Regardless, as they concede, "until the Tenth Circuit rules on this issue, this Court's prior rulings on this issue would lead the Court to reach the same result here, as the facts of this case are not materially distinguishable from th[ose] case[s] for purposes of the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)." ECF No. 9 at 3. And having reviewed all of the relevant authority, the Court finds no reason to reverse itself.

Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention without a bond hearing is therefore a violation of due process.

Turning to the question of the appropriate relief, under the particular circumstances of this case, the petitioner is entitled to immediate release, not a bond hearing before an immigration judge. The petitioner was initially released under § 1226(a) by CBP, and he unfailingly complied with the terms of his release and the mandates of immigration court for nearly four years before his re-detention. As Judge Sweeney explained in granting release under materially indistinguishable circumstances, the initial decision to release the petitioner "means that immigration officials have already determined that [he] is neither a flight risk nor a danger to the community," and nothing has happened in the interim to affect that assessment. *Singh*, 819 F. Supp. 3d at 1250. Therefore, there is "no reason to prolong Petitioner's detention now." *Id.* Other courts in this district have reached the same conclusion when presented with the same or similar facts. *See, e.g.*, *Pineda Tijerino v. Baltazar*, No. 26-cv-00907-RBJ, ECF No. 9 (D. Colo. Mar. 30, 2026); *Kumar v. Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Hernandez v. Noem*, No. 25-cv-03983-NRN, 2026 WL 621333, at *2 (D. Colo. Mar. 5, 2026) (granting release where petitioner was released on bond by an immigration judge before instant re-detention). Accordingly, the respondents shall release petitioner on the same conditions that governed his release prior to his recent re-detention.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 14. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all

5

applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED**.

It is further ORDERED that

(1) Within 24 hours of this ORDER, the respondents shall **RELEASE** the petitioner on the same conditions that governed his release as of May 14, 2026;

(2) the respondents shall file a status report within **seven days** of this ORDER informing the Court of petitioner's release.

Entered and dated this 8th day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge